# United States Court of Appeals
# for the Fifth Circuit

No. 19-30859
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2021

Lyle W. Cayce
Clerk

Joshua Jamichael VanBuren,

*Plaintiff—Appellant*,

*versus*

Doug Walker; Daniel Hunter,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
No. 3:19-CV-1153

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

In August 2019, Joshua VanBuren, a non-prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint per 42 U.S.C. § 1983. The district court screened the complaint under 28 U.S.C. § 1915(e)(2) and dismissed each of the claims. It also denied VanBuren's postjudgment request

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

to amend his complaint.  VanBuren timely appealed those rulings.

VanBuren has filed several motions in this court, most of which are substantially similar, seeking to amend, supplement, and/or correct his original appellate brief.  We GRANT one of the motions to correct VanBuren's supplemental brief and consider the original and supplemental briefs together.  The remainder of the similar motions are DENIED as unnecessary. We also DENY VanBuren's motions for suspension of the appellate rules, to expedite his appeal, for appointment of counsel, for an injunction pending appeal, and for permission to appeal.  Any and all other outstanding motions filed by VanBuren are also DENIED.

We turn first to VanBuren's claim that defendant/appellee Doug Walker violated his constitutional rights by placing him into a pretrial diversion program, allegedly without probable cause, in connection with drug charges that were leveled against VanBuren in 2014.  The district court determined that absolute prosecutorial immunity shielded Walker from VanBuren's claim for money damages.  VanBuren also sought to have the pretrial diversion agreement terminated and to have the drug case expunged.  The district court determined that that claim for injunctive relief was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In this court, VanBuren does not challenge, and we therefore do not address, the district court's disposition of his claim for money damages against Walker or its conclusion that his participation in the pretrial diversion program did not terminate the criminal action in his favor for purposes of *Heck*.  Instead, VanBuren contends that his claim was bottomed on a violation of his Fourth Amendment right to be free from unreasonable searches and seizures and that such claims can be brought regardless of how the prosecution ended.

The terms in which VanBuren frames his argument do not change the

outcome. *Heck* prevents him from raising *any* constitutional claim or seeking *any* injunctive relief that would result in invalidating, or implying the invalidity of, a conviction or sentence that has not otherwise been reversed, expunged, or called into question. *See Heck*, 512 U.S. at 486-87; *Clarke v. Stalder*, 154 F.3d 186, 190–91 (5th Cir. 1998) (en banc).

We turn to VanBuren's argument that the district court erred in denying his motion to amend his complaint. That motion was filed after the entry of final judgment and after this appeal was docketed. Assuming *arguendo* that the district court had jurisdiction to rule on the motion, the court did not abuse its discretion in denying it. *See United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003); *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000).

AFFIRMED.